IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| KIM DANIEL | : | |
|---|---|---|
| Plaintiff, | : | Case No.: 8:17-cv-02693-CBD |
| v. | : | |
| MORAN FOODS, LLC, SUPERVALU d/b/a SAVE-A-LOT | : | |
| Defendant. | : | |

## **OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

NOW COMES Ms. Kim Daniel, through counsel Shaketta A. Denson and CHASENBOSCOLO INJURY LAWYERS and, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, moves that this Honorable Court DENY Defendant's Motion for Summary Judgment in the above-captioned matter, and as reasons therefore states as follows:

1. There are genuine disputes as to material facts;

2. The Defendant, Moran Foods, LLC d/b/a Save-A-Lot, Ltd. (hereinafter "Defendant Save-A-Lot"), is not entitled to summary judgment as a matter of law.

WHEREFORE Ms. Kim Daniel prays that the Motion for Summary Judgment in the above-captioned matter be denied.

Respectfully Submitted,

**CHASEN**BOSCOLO Injury Lawyers

By: _____/s/_____
Shakétta A. Denson
sdenson@chasenboscolo.com
7852 Walker Drive, Suite 300
Greenbelt, Maryland 20770
(301) 220-0050
(301) 474 1230 (fax)
Counsel for Kim Daniel

## GROUNDS AND AUTHORITIES

1. Federal Rule of Civil Procedure 56(b)

2. Attached Memorandum of Fact and Law

By: _____/s/_____
Shaketta A. Denson
7852 Walker Drive, Suite 300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _18_ day of June, 2018, a copy of the foregoing Opposition To Defendant's Motion for Summary Judgment was electronically filed and forwarded, to:

Christopher R. Dunn
17251 Melford Blvd., Suite 200
Bowie, Maryland 20715
Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KIM DANIEL | : | |
| | : | |
| Plaintiff, | : | Case No.: 8:17-cv-02693-CBD |
| v. | : | |
| | : | |
| MORAN FOODS, LLC, SUPERVALU | : | |
| d/b/a SAVE-A-LOT | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM OF FACT AND LAW IN SUPPORT OF MS. DANIEL'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

NOW COMES Ms. Kim Daniel, by and through her attorneys, Shaketta A. Denson and ChasenBoscolo Injury Lawyers and hereby moves this Honorable Court to deny Defendant's Motion for Summary Judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. This matter concerns personal injuries Plaintiff sustained as a result of a slip and fall at Save-A-Lot on Livingston Road in Oxon Hill, MD, on August 1, 2015. Plaintiff filed a Complaint to the court on April 06, 2017, against Moran Food LLC, the owner of the store at which she sustained her injuries.

There are genuine issues of material fact as to whether Defendant Save-A-Lot had actual or constructive knowledge of the liquid Ms. Daniel slipped on as well as whether Defendant Save-A-Lot exercised reasonable care to protect Ms. Daniel against the danger exhibited by the liquid occupying the entirety of the aisle. This memorandum is submitted in support of Ms. Daniel's Opposition to Defendant Save-A-Lot's Motion for Summary Judgment.

### FACTS

Defendant Save-A-Lot, in its Slip, Trip & Fall Hazard employee training material, states that "There are many safety hazards that can potentially harm our customers and associates on the sales floor. Whether we are walking from one end of the store to another, we must always practice the Scan For Six, Don't Pass It Up, Pick It Up concept and adhere to the Clean Sweep

Program to avoid safety hazards and minimize customer and associate incidents." *See Exhibit A (Defendant Save-A-Lot's employee training materials),* at 25. Defendant Save-A-Lot's corporate designee, Brennan Jones, the general manager of the Oxon Hill location where the subject incident occurred, testified that part of his responsibilities include day to day walking of the store to make sure there are no unsafe conditions. *See Exhibit B (Deposition Transcript of Brennan Jones),* at 10-1 through 11-10. Managers, and indeed all employees, are required as part of their job duties to walk the floor to inspect and see if anything is out of place or not up to Save-A-Lot safety standards, then they are require to report and correct as best as possible. *See Exhibit B* at 11-7 through 12-5.

Mr. Jones indicated that, under Defendant Save-A-Lot's "Scan For Six" program, any employees walking the floor must identify hazardous conditions and if they see them report it and immediately get it cleaned up. *See Exhibit B* at 39-1 through 41-20. Wet floors are considered a hazardous condition that is supposed to be inspected for. *See Exhibit A* at 31. Specifically, upon identifying a spill and prior to taking any further corrective action, an employee must immediately "DIRECT another associate to direct customers and fellow associates 'around' spill. If an associate is not available, block the area." *Id.*

On August 1st, 2018, Ms. Daniel entered Defendant Save-A-Lot's location in Oxon Hill, Maryland to purchase groceries. As she was picking up her items, another unidentified customer opened the dairy case in the milk aisle to collect two cartons of milk. *See Exhibit C (Time-Stamped Video Surveillance Footage of Ms. Daniel's Fall).* As he does so, he quickly pulls his right arm back from the dairy case and one of the cartons falls to the floor immediately outside the dairy case. *Id.* The unidentified customer moves backward away from the case, steps to the side, and leans over the area where the gallon jug fell. He opens the dairy case door and retrieves another gallon jug. *Id.*

A few seconds after this customer turns to walk away from the dairy case back towards his cart, a store employee approaches from the left pushing a cart. *Id.* The customer appears to

point out the spilled milk in front of the dairy case to the store employee. *Id.* The store employee leaves his cart adjacent to a bottled water display, which blocks fully half of the 1- cart wide aisle, and walks over to pick the gallon jug up from the floor and carries it into the stock room through the doors directly adjacent to the dairy case. *Id.* At no point does this employee appear to call for assistance, alert any other store employees of the spill or attempt to block access to the hazardous section of the aisle. *Id.* Over a minute goes by with no activity at the front of the dairy case. *Id.*

Meanwhile, Ms. Daniel makes her way to the milk aisle to collect some milk. *Id.* She pushes her cart down the aisle and, as she is traveling through the section of the aisle containing the milk spill, she suddenly falls while still clinging to the handle of her shopping cart. *Id.* Immediately after her fall, the store employee emerges from the double doors to the stock area with a mop and bucket and, leaving these behind, assists Ms. Daniel in standing and escorts her into the stock area. *Id.* As a result of her fall, Ms. Daniel suffered substantial injuries.

## ARGUMENT

### I. STANDARD OF REVIEW

The questions of whether the Defendant had actual or constructive knowledge of the liquid Ms. Daniel slipped on as well as whether Defendant Save-A-Lot exercised reasonable care to protect Ms. Daniel against the danger exhibited by the liquid occupying the entirety of the aisle are seriously disputed based on conflicting material facts requiring resolution by a jury. Summary judgment may be rendered only if all the evidence, taken together, fails to produce **any** genuine issues of material fact and the only questions are questions of law. *See* Fed. R. Civ. P. 56(a). Material facts are factual issues affecting the outcome of the suit, under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party against whom summary judgment is requested has the burden of proving there are issues of material fact in contention, else the moving party is entitled to judgment on the questions of law. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The party opposing Summary Judgment must support [her] claim by alleging specific facts to respond to a motion for summary judgment. *See Lujan v. Defenders of Wildlife*, 504 U.S. 55, 562 (1992). When deciding a motion for summary judgment, "the evidence, including all inferences therefrom, is viewed in the light most favorable to the nonmoving party." *Jones v. Mid-Atlantic Funding Co.*, 362 Md. 661, 676 (2001). Additionally, "even where the underlying facts are undisputed, if those facts are susceptible of more than one permissible inference, the choice between those inferences should not be made as a matter of law, but should be submitted to the trier of fact." *Syme v. Marks Rentals, Inc.*, 70 Md. App. 235, 238-239 (1987)(quoting *Fenwick Motor Co. v. Fenwick*, 258 Md. 134 (1970)). When there are any factual issues in dispute, summary judgment is improper and the jury should hear the remaining issues. *See Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 627 (1944), *rehearing denied*, 322 U.S. 767 (1944).

Viewing the evidence in the light most favorable to the Plaintiff, there are material facts in dispute that would allow a reasonable jury to find that the Defendant failed to exercise reasonable care by not properly warning of, blocking access to, and clearing the spill as per the guidance of their **own** training materials, resulting in Ms. Daniel's injuries. *See Sartor*, 321 U.S. at 627; *see also Exhibit A.* Thus, there are facts that the jury can use to determine that the Defendant was negligent because it had actual and constructive notice of the spill prior to Ms. Daniel's fall, and failed to act in accordance with reasonable care and it's own policies. The evidence establishes that the Defendant knew the reasonable standard of care for a large retailer and the evidence likewise establishes that the Defendant failed to follow that standard of care. As such, it is for the jury to determine whether they believe Defendant Save-A-Lot acted negligently.

## II. There Is a Genuine Dispute of Material Fact As To Whether The Defendant Exercised Reasonable Care

Viewing the evidence in the light most favorable to Plaintiff, the existence of disputed

material facts makes summary judgment inappropriate in this matter. A business owner must use ordinary care to render the premises reasonably safe for an invitee's visit. *Maans v. Giant of Maryland*, 161 Md. App. 620, 626 (2004). An invitee must demonstrate that the owner had knowledge, actual or constructive, that a defect existed and that such defect created an unsafe condition. *Id*. Facts need not be proved by direct evidence, but instead may be established by circumstantial evidence. *See Balance v. Wal-Mart*, 1999 U.S. App. LEXIS 7663 (4th Cir. 1999). The doctrine of constructive notice states that with the exercise of reasonable care, the store should have known of the danger's presence and failed in their duty to remove it. *See, e.g., Gauldin v. Virginia Winn-Dixie, Inc.*, 370 F.2d 167, 169 (4th Cir. 1966). If the store has agents, servants, and employees who view the area in which the hazard was open and obvious, then there is constructive notice of the hazard. *See Goehler v. Wal-Mart Stores, Inc.*, 2000 U.s. App. LEXIS 20932 (4th Cir 2000). The function of the jury in a case such as this is to review the defendant's actions as reasonable retailer would behave. *Id*.

Defendant Save-A-Lot has not disputed that they had actual knowledge of the spill at issue in this case. Nor, indeed, does Defendant claim that there is any expectation that Ms. Daniel would have had any way to discover a spill of white milk on white tile that covered the entirety of the aisle. As such, Defendant's sole argument in their own defense revolves around the "time-on-floor" of the spill, which they claim was insufficient for any preventative measures to be taken whatsoever. As will shortly be made plain, this argument is simply false.

In support of their argument, Defendant relies almost exclusively on the case of *Rehn v. Westfield America*, in which a patron at a Chik-Fil-A spilled soda on the floor. *Rehn v. Westfield Am.*, 153 Md. App. 586, 594, 837 A.2d 981, 985 (2003) According to the evidence in that case, the "time-on-floor" involved was estimated roughly to be approximately 4 minutes by an eyewitness in that matter. *Id.* However, as the Court in *Rehn* points out, the eyewitness making this estimate only "affirmed that the spill was on the floor for "less than four minutes." How much less? By [the witness's] description, it may be inferred that the time elapsed even could be

better measured in seconds...." *Id.*, emphasis added. Around the end of this time window, an employee of Chik-Fil-A's attention was drawn to the spill by a customer and, "as soon as the customer pointed out the spill, she looked out and saw it for the first time, then "opened the door" next to her station and "hollered back there, 'Someone call for a spill[.]' " It was while she was "in the act" of notifying her co-worker that Rehn fell. *Rehn*, 153 Md. App. at 586, 595(emphasis added).

Under Maryland law, whether there has been sufficient time for a business proprietor to discover, cure, or clean up a dangerous condition depends on the circumstances surrounding the fall. *See Deering Woods Condo. Ass'n v. Spoon*, 377 Md. 250, 833 A.2d 17, (filed Oct. 6, 2003). " 'What will amount to sufficient time depends upon the circumstances of the particular case, and involves consideration of the nature of the danger, the number of persons likely to be affected by it, the diligence required to discover or prevent it, opportunities and means of knowledge, the foresight which a person of ordinary care and prudence would be expected to exercise under the circumstances, and the foreseeable consequences of the conditions.' " *Id.* (*quoting Moore v. Am. Stores Co.*, 169 Md. 541, 551, 182 A. 436 (1936))(emphasis added). In the case of *Rehn*, the court stated that "When Chick-fil-A's employees discovered the spill, steps were taken promptly to correct the problem; [Rehn] encountered it almost simultaneously with those efforts." *Id.* The court emphasized that the question that should be asked in a case such as this is "did [the store employee] have enough time after she learned about the spill to do something that ultimately might have prevented [the plaintiff]'s fall?" *Id.* In *Rehn*, where the evidence indicated that the employee's notice of the spill and the plaintiff's fall occurred simultaneously and the actual timeframe during which Chik-Fil-A had an opportunity to correct or warn about the hazard, the court determined "that a finding that this interval was long enough for DeChamps or another Chick-fil-A employee to either clean up the spill or warn food park patrons about it would be premised solely upon impermissible speculation and conjecture", emphasizing that "the length and the certainty of the time frame" in other cases could create "a

jury question. *Rehn*, 153 Md. App. at 586, 596.

In the case at bar, **there is no uncertainty as to the time frame in which an employee of Defendant Save-A-Lot was aware of the spill on the floor**. As Defendants themselves point out, the Save-A-Lot employee had 1 minute and 11 seconds in which to act to warn of the spill and thus prevent a serious injury, such as that sustained by Ms. Daniel. Indeed, the policies and procedures taught to employees of Defendant Save-A-Lot lay out a specific procedure which states that, rather than immediately leaving a spill upon discovery to retrieve materials, an employee should immediately "DIRECT another associate to direct customers and fellow associates 'around' spill. If an associate is not available, block the area." *See Exhibit A* at 31. Rather than a matter of mere instants in which the employee's first attempts at remedy occurred simultaneously to the plaintiff's injury, such as occurred in *Rehn*, the employee of Defendant Save-A-Lot in this case had ample time, over a minute, in which he left the scene, chose not to block it off from customers *or* warn customers of the hazard, and returned with a mop and bucket to clean up the spill. Had he instead followed Defendant Save-a-Lot's own procedures and used the cart he was pushing at the time of discovery to block off the aisle or, better still, called another employee over to stand watch over the spill while he retrieved the cleaning tools, Ms. Daniel's injuries could have been entirely prevented. In addition to Ms. Daniel, the employees choice not to take these reasonable steps placed other customers in harms way as evidenced by the video surveillance and how crowded this particular area and section of the store was at the time. Viewing the evidence in the light most favorable to Plaintiff, there is plainly a genuine dispute of material fact as to whether Defendant had sufficient opportunity to remove or warn Ms. Daniel of the dangers created by the spill. As such, Defendant's Motion for Summary Judgement must be DENIED.

  III.  **Ms. Daniel Has Not Advanced A Claim For A Negligent Mode Of Operation, But Instead Argues That Defendant Acted Negligently In It's Failure To Follow Its Own Procedures.**

Contrary to Defendant's claims, Ms. Daniel has not, nor does she intend to, make any claim under a theory of Negligent Mode of Operation. Ms. Daniel's claims are exactly as they were stated in her complaint and in this motion: Defendant Save-A-Lot was negligent in failing to provide appropriate warning to Ms. Daniel, resulting in her injury. As such, Defendant's motion must be DENIED.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Ms. Kim Daniel respectfully requests that this Honorable Court DENY the Defendant's Motion for Summary Judgment.

Respectfully Submitted,

**CHASEN**BOSCOLO Injury Lawyers

By: \_\_\_\_\_/s/_____
Shakétta A. Denson
sdenson@chasenboscolo.com
7852 Walker Drive, Suite 300
Greenbelt, Maryland 20770
(301) 220-0050
(301) 474 1230 (fax)
Counsel for Kim Daniel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIM DANIEL :
:
      Plaintiff, : Case No.: 8:17-cv-02693-CBD
v. :
:
MORAN FOODS, LLC, SUPERVALU :
d/b/a SAVE-A-LOT :
:
      Defendant. :

# **ORDER**

Upon consideration of the Defendant's Motion for Summary Judgment, and upon consideration of Ms. Daniel's Opposition, in the above-captioned matter it is hereby

    **ORDERED** that the Motion for Summary Judgment is DENIED;


Dated:_____                            _____
                                                                    United States District Court Judge