IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| KIM DANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CBD-17-2693 |
| | ) | |
| MORAN FOODS, LLC, | ) | |
| SUPERVALU, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant Moran Foods, LLC's ("Defendant") Motion for Summary Judgment ("Motion") (ECF No. 22) requesting summary judgment be entered against Plaintiff Kim Daniel ("Plaintiff").[1] The Court has reviewed Defendant's Motion, related memoranda, and the applicable law. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons set forth below, the Court **DENIES** Defendant's Motion.

I.  FACTUAL BACKGROUND

On August 1, 2015, Plaintiff entered one of Defendant's Save-A-Lot establishments to purchase groceries. Daniel Dep. 35:12-19. Plaintiff testified that after spending only five minutes in the store, she approached the dairy display and slipped and fell in the aisle. Daniel Dep. 32:12-21; 35:9-12. The entire sequence of events involving this incident was recorded by surveillance video, the relevant sections of which were provided to the Court as still-frame photographs, which showed that Plaintiff slipped and fell on a puddle of milk which was spilled

---

[1] Counsel filed this Motion on behalf of Defendant Moran Foods, LLC d/b/a Save-A-Lot, Ltd. Due to discrepancies in Defendants' Answer, the Court is led to believe that Moran Foods, LLC/Moran Foods, Inc. and Supervalu, Inc. are two distinct entities. Accordingly, the Court feels obligated to note that any decision herein applies only to Moran Foods, LLC in its singular capacity as a defendant, until such time as any discrepancies regarding the identity of defendants has been resolved.

1

by another customer approximately one minute prior to Plaintiff's fall. ECF Nos. 22-3, 22-4, 22-5, 22-6 and 22-7. The photographs also show that within that one minute timeframe, one of Defendant's employees was notified of the spill, collected and disposed of the spilled milk carton in a back room of the store, and came out of the back room with a bucket, mop and wet floor sign, before assisting Plaintiff. *See* ECF No. 22-3, 22-4, 22-5, 22-6, and 22-7; *see also* Def.'s Mot. 3; Pl.'s Opp'n 4-5.

On September 11, 2017, Plaintiff filed suit against Defendant alleging two counts: first, a claim of negligence by Defendant in failing to safely maintain its premises, and second, a claim of negligent hiring, training, and supervision. Pl.'s Compl. 6.

## II. STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is deemed genuine only if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is deemed material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Supreme Court has explained that the burden of proof lies with the movant to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to show an absence of evidence in the record as to an essential element of the claim or to present "specific facts showing that there is a genuine issue for trial." *Id.* at 324. A court reviewing a motion for summary judgment must view the evidence in the light most favorable to the party

opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**III. DISCUSSION**

**A. Premises Liability**

Alleging a claim of negligence, a plaintiff must prove four elements: (1) that the defendant owed a duty to protect the plaintiff from injury; (2) that the defendant breached the duty; (3) that the plaintiff suffered damages; and (4) that the plaintiff's damages proximately resulted from the defendant's breach. *Hall v. Wash. Metro. Area Transit Auth.*, 679 F. Supp. 2d 629, 632 (D. Md. 2010) (citations omitted). "Negligence means doing something a person using reasonable care would not do, or not doing something a person using reasonable care would do." *Oliver v. Maxway Stores*, No. WGC-12-3033, 2013 WL 6091844, at *3 (D. Md. Nov. 2013) (citing *Maryland Civil Pattern Jury Instruction* 19:1). Under Maryland law, a property owner "owes a certain duty to a person who comes in contact with the property. The extent of this duty depends upon the person's status while on the property." *Baltimore Gas & Elec. Co. v. Flippo*, 348 Md. 680, 688 (1998) (citing to *BG&E v. Lane*, 338 Md. 34, 44 (1995)). Maryland law recognizes four categories of individuals: (1) an invitee, (2) a licensee by invitation, (3) a bare licensee and (4) a trespasser. *Id.* "An invitee is a person on the property for a purpose related to the possessor's business." *Id.*

Considering that Plaintiff here was in Defendant's establishment for the purpose of purchasing groceries, it is clear that Plaintiff was an invitee. Accordingly, Defendant had a duty to "warn [Plaintiff] of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers." *Tennant v. Shoppers Food Warehouse Md. Corp.*, 693 A.2d 370, 374 (Md. Ct. Spec. App. 1997). However, the duty that a storekeeper owes to its

3

customers is not unlimited. Indeed, "storekeepers are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises." *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636 (1994). "Rather, the evidence 'must show not only that a dangerous condition existed, but also that the proprietor had actual or constructive knowledge of it, and that knowledge was gained in sufficient time to give the [proprietor] the opportunity to remove [the hazard] or to warn the invitee.'" *Linn v. Target Corp.*, Civ. No. JKB-14-2159, 2015 WL 6690247, at *4 (D. Md. Oct. 2015) (citing to *Rehn v. Westfield Am.*, 153 Md. App. 586, 593 (Md. Ct. Spec. App. 2003)). It is undisputed here that Defendant had actual knowledge of the "dangerous condition," namely the puddle of spilled milk. Def.'s Mot. 2 (acknowledging that an employee of Defendant was made aware of the spill prior to Plaintiff's fall). Instead, Defendant argues that pursuant to the court's findings in *Rehn*, it did not have "sufficient time to . . . remove [the hazard] or to warn [Plaintiff]." *Id.* at 7; *Rehn*, 153 Md. App., at 593.

> **B. There is a genuine issue for a trier of fact to determine whether Defendant had sufficient time to warn Plaintiff of the dangerous condition, such that Plaintiff's injuries could have been avoided.**

In support of its Motion, Defendant argues that "Plaintiff has not produce[d] any admissible evidence to establish a *prima facie* case of negligence in accordance with the well-settled premises liability law in Maryland." Def.'s Mot. 8. Specifically, Defendant points to established case law in Maryland mandating that in premises liability cases, there must be sufficient time given to the storeowner to discover and cure the dangerous condition. *Id.* at 6 (citing to *Rehn*, 153 Md. App., at 593).

> What will amount to sufficient time depends upon the circumstances of the particular case, and involves consideration of the nature of the danger, the number of persons likely to be affected by it, the diligence required to discover or prevent it, opportunities and means of knowledge, the foresight which a person of

4

> ordinary care and prudence would be expected to exercise under the circumstances, and the foreseeable consequences of the conditions.

*Deering Woods Condo. Ass'n v. Spoon*, 377 Md. 250, 264 (2003) (citations omitted). What Defendant fails to note is that the court in *Rehn* recognized that the sufficient time standard must also be applied to a proprietor's duty to warn. In each of the cases in this Court applying *Rehn*, the Court has found that various plaintiffs presented genuine disputes of material fact. *See Linn*, 2015 WL 6690247; *see also Oliver*, 2013 WL 6091844; *Jones v. Wal-Mart Stores, Inc.*, Civ. Ac. No. WGC-12-1334, 2013 WL 1742136 (D. Md. Apr. 2013); *Keye v. Red Roof Inns, Inc.*, Civ. Ac. No. WGC-07-2926, 2009 WL 10685426 (D. Md. May 2009). However, in none of the preceding cases has the Court been presented with undisputed evidence establishing a timeline of less than two minutes between Defendant's notice and Plaintiff's injury. The Court here is left to consider whether the timetable presented by both parties allowed Defendant sufficient time to cure, *or to warn Plaintiff*, of the dangerous condition.

In assessing whether Defendant had sufficient time to cure or warn of the dangerous condition, the Court looks to whether Defendant had "enough time after [it] learned about the spill to do something that ultimately might have prevented [Plaintiff's] fall[.]" *Rehn*, 153 Md. App., at 595. The court in *Rehn* found that there was "no evidence in the . . . record from which a jury reasonably could infer that [it] has enough time to [prevent the injury]," instead noting that "a finding that [an interval of less than four minutes] was long enough for [defendant's employees] to either clean up the spill or warn food park patrons about it would be premised solely upon impermissible speculation and conjecture." *Id.* at 596. Indeed, the circumstances in *Rehn* were such that "[defendant's] employees discovered the spill, steps were taken promptly to correct the problem [and] [plaintiff] encountered it almost simultaneously with those efforts." *Id.* at 594.

5

Here, it is undisputed that the puddle upon which Plaintiff slipped was present for approximately a minute and half, and that during that time frame, Defendant was on actual notice. ECF No. 22-1 (Def.'s Mot. 2: conceding that Defendant's employee knew of the condition prior to Plaintiff's fall); ECF No. 24 (Pl.'s Opp'n 4-5: noting that Defendant had actual notice of the defect for more than a minute prior to Plaintiff's fall). It is likewise undisputed that Defendant's employee left the scene of the spill, entered a backroom, and returned to the spill within that time frame with a bucket and mop. Pl.'s Opp'n 5 (concurring with Defendant's portrayal of the events and time line leading to Plaintiff's injury). Defendant argues that the Court should look to *Rehn* for guidance in deciding whether a genuine dispute exists as a matter of law. ECF No. 22-1, pp. 4-5. However, the Court is inclined to look to *Rehn* as a unique outcome, and not the standard. Indeed, the court in *Rehn* found that

> to conclude that [defendant] breached a duty to [plaintiff], the jury would have to speculate regarding how long [defendant] actually knew about the spilled drinks and how long it reasonably would take to respond. Such conjecture is not a permissible evidentiary basis to infer that such a temporary, non-recurring hazard created by a third-party just outside [defendant's] business premises existed for a sufficient length of time to give [defendant] a reasonable opportunity to respond.

153 Md. App., at 598. In contrast, "both the length and the certainty of the time frame . . . [create] a jury question." *Id.* (citing to *Keene v. Arlan's Dep't Store of Baltimore, Inc.*, 35 Md. App. 250, 251-52 (1977)). There is no dispute regarding the length and certainty of the time frame here. While the Court is cognizant of the fact that the time frame established here is significantly briefer than those in *Keene* or other cases before this Court, the time needed to discover and warn is but a factor in the analysis. As such, the Court is convinced that it is for a trier of fact to determine whether Defendant had sufficient time to warn Plaintiff of a dangerous condition. Accordingly, the Court finds that Plaintiff has overcome her burden in identifying a

genuine issue of material fact. Therefore, summary judgment is inappropriate and the Court hereby denies Defendant's Motion.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion.


August 14, 2018 /s/
Charles B. Day
United States Magistrate Judge

CBD/gbc