IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KIM DANIEL | : |
|     Plaintiff | : |
| vs. | :   Case No.: 8:17-cv-02693-PWG |
| MORAN FOODS LLC, SUPERVALU | : |
| d/b/a SAVE-A-LOT | : |
|     Defendant | : |

## PLAINTIFF'S PROPOSED QUESTIONS TO JURORS ON *VOIR DIRE*

Ladies and Gentlemen:

### *VOIR DIRE* QUESTIONS

1. Do any of you, or any member of your immediate family (husband, wife, parents, children, sisters, brothers, or in-laws), know or have/had any social, medical, business, employment, professional or any other type of relationship with any of the following persons? If so, please stand, and give your name and juror number:

   a) The Plaintiff: Kim L. Daniel;

   b) The attorney for the Plaintiff: Shakétta A. Denson (Chimber) of Chasen Boscolo Injury Lawyers or any other lawyers or other employees of that firm;

   c) The attorney for Defendant: Christopher R. Dunn of DeCaro Doran Siciliano Gallagher & DeBlasis LLP or any other lawyers or other employees of that firm.

2. Do you, or any member of your immediate family or close friends know the witnesses in this case, (read witnesses) or any of their friends or family members, either professionally or socially. If so, please state:

      a) the person who possesses that knowledge and, if not you, the person's relationship to you;

      b) with whom that person is acquainted;

      c) whether that acquaintance would in any way affect your ability to be fair and impartial.

3. Are you, or any member of your immediate family or close friends currently employed by or have ever been employed by, affiliated with, or associated with Save A Lot. If so, state:

      a) the person employed by Save A Lot and, if not you, the person's relationship to you;

      b) the dates of the employment;

      c) a brief job description; and

      d) whether that employment would in any way affect your ability to be fair and impartial.

4. Have you or any member of your immediate family or close friends worked in a Save A Lot or other grocery store or pharmacy? If so, state:

      a) (if not you) that person's relationship to you;

      b) the dates of the employment;

      c) a brief job description;

      d) whether that employment relationship has been terminated and if so, the reasons for the termination; and whether that employment would in any way affect your ability to be fair and impartial.

5. Do any of you, or any member of your immediate family (husband, wife, parent, children, sisters, brothers, or in-laws), own any stock or have any other financial interest in Save A Lot or Moran Foods, LLC? If so, please stand, and give your name and juror number.

6. Does any member of the jury panel know any of the following medical doctors or have you ever been treated by someone associated with their medical practice?

(Joel D. Fechter, MD.)

7. Does anyone here know any of the other prospective jurors here today? If so, please stand, and give your name and juror number? If so:

   a) Whom do you know?
   b) State the nature of your relationship or acquaintance.
   c) Do you feel that such a relationship or acquaintance with any of these people might affect or influence your rendering an impartial verdict or the awarding of fair and adequate damages, if the evidence so warrants?

8. Have any of you ever served on a jury before? If the answer is in the affirmative, was it a criminal or civil jury? Was there anything about that experience that might affect or influence your rendering an impartial verdict or the awarding of fair and adequate damages, if the evidence so warrants?

Respectfully submitted,

_____
Shaketta A. Denson (#19668)
CHASENBOSCOLO
Greenbelt, Maryland 20770
(301) 220-0050
(301) 474 1230 (fax)
sdenson@chasenboscolo.com
Counsel for Kim Daniel

**PROPOSED VOIR DIRE (Plaintiff)**

1. Has anyone here ever been involved in a personal injury claim? Would it affect your impartiality in this case?

2. Do any of you or a close relative of yours have legal training or work in a law office? If so, please state the relationship and name of the employer.

3. Are any of you or a close relative of yours trained or employed in the field of medicine or a health related fields?

4. Have any of you ever been employed by an organization which handles claims, including injury claims?

5. Have any of you ever served as a juror in this jurisdiction or in any other jurisdiction prior to their service in this term of court?

6. Is there anyone here who has suffered an injury to his or her knees that required medical attention?

7. Does any prospective juror have any opinion, one way or the other, that the current system of compensating personal injury victims is not satisfactory and should be reformed in some manner? Counsel requests leave to ask follow-up questions.

8. Does any prospective juror have a family member or close personal friend who has expressed strong, negative feelings about lawyers? Counsel requests leave to ask follow-up questions.

9. Does any prospective juror believe that a person who brings a claim for money damages for injuries suffered in a personal injury claim should only be compensated for lost wages and medical expenses?

10. Does any prospective juror believe that it is wrong to allow money damages to compensate an injured person for physical injuries, mental pain, fright, nervousness, indignity, humiliation, embarrassment, and insult.

11. At the end of the case, I will instruct you as to the law of the case. You are compelled to apply the law as I explain it. Does any prospective juror feel that they will be unable to apply the law as I explain it if you do not agree with the law or feel that it does not make sense?

12. Does any prospective juror have any strong beliefs that prevent them from sitting in judgment of another person?

13. Is there any prospective juror who could not render a fair and just verdict based solely on the evidence presented in the case?

14. If any prospective juror were a party to this case, is there <u>any reason whatsoever</u> why you would not want yourself to serve as a juror?

15. Is there anything in the background of any prospective juror that you think the court and the attorneys should know about which might affect your ability to be a fair and impartial juror in this case?

16. Does any prospective juror, after having heard the brief facts of this case, and the questions that have now been asked, have any opinion which would prevent him or her from fairly considering all of the issues to be presented in this case?